**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DELOITTE TAX LLP, | ) | CASE NO. 1:20-CV-02487 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| AUSTIN MURRAY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AUSTIN MURRAY'S ANSWER TO PLAINTIFF DELOITTE TAX LLP'S COMPLAINT**

**FIRST DEFENSE**

Defendant Austin Murray, hereby Answers Plaintiff Deloitte Tax LLP's Complaint (Doc No. 1), as follows:

1. With respect to Paragraph 1 of the Complaint, Defendant admits only that he was formerly employed by Plaintiff and that, during the term of his employment with Plaintiff, he had access to Plaintiff's CogTax tool. Further answering, Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. With respect to Paragraph 3 of the Complaint, Defendant states that the nature of the allegations of the Complaint speak for themselves. Further answering, Defendant denies the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. With respect to Paragraph 11 of the Complaint, Defendant admits only that CogTax is a tool which can be used by Deloitte Tax practitioners to accelerate their internal reverse audit services to clients. Further answering, Defendant denies the remaining allegations contained in Paragraph 11.

12. With respect to Paragraph 12 of the Complaint, Defendant admits only that CogTax imports raw client data which it then uses to identify taxability determinations. Further answering, Defendant denies the remaining allegations contained in Paragraph 12.

13. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. With respect to Paragraph 19 of the Complaint, Defendant admits only that prior to his employment with Plaintiff, he was employed by Ryan LLC. Defendant denies the remaining allegations contained in Paragraph 19.

20. With respect to Paragraph 20 of the Complaint, Defendant admits only that the contents of his emails with Plaintiff prior to employment speak for themselves. Further answering, Defendant denies the remaining allegations contained in Paragraph 20.

21. With respect to Paragraph 21 of the Complaint, Defendant admits that he entered into a Management-Level Employee Agreement with Plaintiff and that the content of the Employment Agreement speaks for itself. Further answering, Defendant states that Plaintiff has failed to attached a copy of the Employment Agreement to the Complaint.

22. With respect to Paragraph 22 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 22.

23. With respect to Paragraph 23 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 23.

24. With respect to Paragraph 24 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 24.

25. With respect to Paragraph 25 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 25.

26. With respect to Paragraph 26 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. With respect to Paragraph 27 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 27.

28. With respect to Paragraph 28 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 28.

29. With respect to Paragraph 29 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 29.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. With respect to Paragraph 31 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 31.

32. With respect to Paragraph 32 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 32.

33. With respect to Paragraph 33 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 33.

34. With respect to Paragraph 34 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 34.

35. With respect to Paragraph 35 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. With respect to Paragraph 36 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 36.

37. With respect to Paragraph 37 of the Complaint, Defendant admits only that while employed by Plaintiff he had access to non-public information concerning CogTax and that he acted as a liaison between Plaintiff's customer-facing team and its data scientists working on CogTax. Further answering, Defendant denies the remaining allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint except to state that Prophit.ai's LinkedIn profile speaks for itself.

42. With respect to Paragraph 42 of the Complaint, Defendant admits only that Prophit.ai was incorporated in August 2019. Further answering, Defendant denies the remaining allegations contained in Paragraph 42.

43. Defendant denies or denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. With respect to Paragraph 45, Defendants admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits the allegations contained in Paragraph 50 of the Complaint.

51. With respect to Paragraph 51 of the Complaint, Defendant admits only that work on Prophit.ai by Mr. van Haaren began prior to August 2019. Further answering, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52. With respect to Paragraph 52 of the Complaint, Defendant admits only that, at certain times prior to June 2019, Rob van Haaren worked in the solar energy field. Further answering, Defendant denies the remaining allegations contained in Paragraph 52.

53. With respect to Paragraph 53 of the Complaint, Defendant admits only that, in September 2019, in contemplation of an engagement that would begin in January 2020, he and Mr. van Haaren created a video application of the Techstars start-up accelerator and that the content of the video speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 53.

54. With respect to Paragraph 54 of the Complaint, Defendant admits only that the content of the video speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 54.

55. With respect to Paragraph 55 of the Complaint, Defendant admits only that the contents of the video and Prophit.ai's Placement speak for themselves. Further answering, Defendant denies the remaining allegations contained in Paragraph 55 of the Complaint.

56. With respect to Paragraph 56 of the Complaint, Defendant admits only that the content of the Prophit.ai website speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. With respect to Paragraph 60 of the Complaint, Defendant admits only that he received a letter dated February 25, 2020 from Plaintiff and that the content of the letter speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. With respect to Paragraph 63, Defendants admits only that, while traveling on or about April 5, 2019 he emailed a draft Reverse Audit Checklist from his Deloitte email account to his personal email account at the suggestion of a Deloitte supervisor. Further answering, Defendant denies the remaining allegations contained in Paragraph 63.

64. With respect to Paragraph 64 of the Complaint, Defendant admits only that the Reverse Audit Checklist is a confidential document created by Plaintiff. Further answering, Defendant denies the remaining allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. With respect to Paragraph 66 of the Complaint, Defendant admits only that on or about June 13, 2019 he uploaded the Deloitte Cognitive Tax Insight Client Presentation Deck to a cloud-based platform used by Plaintiff at the suggestion of a Deloitte supervisor. Further answering, Defendant denies the remaining allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. With respect to Paragraph 68 of the Complaint, Defendant admits only that on or about June 17, 2019, he uploaded the Deloitte Tax Indirect Tax Analysis Workpaper to a cloud-based platform used by Plaintiff as part of Deloitte's East Coast CogTax Technical Training. Further answering, Defendant denies the remaining allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71. With respect to Paragraph 71 of the Complaint, Defendant admits only that Prophit.ai secured a grant from the Innovation Fund in or about December 2019. Further answering, Defendant denies the remaining allegations contained in Paragraph 71.

72. With respect to Paragraph 72, Defendant admits only that Prophit.ai pitched at a Youngstown Business Incubator in or about September 2020 and received an invitation to the Acceleprise incubator program. Further answering, Defendant denies the remaining allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant admits the allegations contained in Paragraph 74.

75. With respect to Paragraph 75, Defendant admits only that the content of the F6S website speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 75.

76. With respect to Paragraph 76, Defendant admits only that the content of the F6S website speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 76.

77. With respect to Paragraph 77, Defendant admits only that, at certain times, Mr. Corey Scheiber was employed by Plaintiff and that Corey Scheiber is Defendant's brother-in-law. Further answering, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78. With respect to Paragraph 78, Defendants admits only that in or about October 2019 he entered into a non-disclosure agreement with Mr. van Haaren and Mr. Schreiber. Further answering, Defendant denies the remaining allegations contained in Paragraph 78.

79. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

**CLAIM 1**

82. Defendant incorporates his responses to Paragraphs 1-81 of the Complaint as if restated herein.

83. With respect to Paragraph 83 of the Complaint, Defendant admits only that the content of the Employment Agreement speaks for itself. Further answering, Defendants denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84. With respect to Paragraph 84 of the Complaint, Defendant admits that the Employment Agreement speaks for itself.

85. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. With respect to Paragraph 88 of the Complaint, Defendant admits only that the content of the Employment Agreement speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

## CLAIM 2

91. Defendant incorporates his responses to Paragraphs 1-90 of the Complaint as if restated herein.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

## CLAIM 3

99. Defendant incorporates his responses to Paragraphs 1-98 of the Complaint as if restated herein.

100. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103. Defendant admits the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

**CLAIM 4**

109. Defendant incorporates his responses to Paragraphs 1-108 of the Complaint as if restated herein.

110. With respect to Paragraph 110 of the Complaint, Defendant admits only that he has some control over marketing messages on behalf of Prophit.ai. Further answering, Defendant denies the remaining allegations contained in Paragraph 110 of the Complaint.

111. With respect to Paragraph 111 of the Complaint, Defendant admits only that Prophit.ai uses a variety of methods to promote products and services to its customers. Further answering, Defendant denies the remaining allegations contained n Paragraph 111.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. With respect to Paragraph 113 of the Complaint, Defendant admits only that he made the quoted statement contained in Paragraph 113. Further answering, Defendant denies the remaining allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. With respect to Paragraph 120, Defendant states only that the content of Prophit.ai's LinkedIn profile speaks for itself. Further answering, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125. Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126. Defendant denies each and every allegation not expressly admitted herein.

## SECOND DEFENSE

127. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief from Defendant.

## THIRD DEFENSE

128. Damages, if any, alleged to have been suffered by Plaintiff were caused, in whole or in part, by the intentional, negligent, or other culpable conduct of Plaintiff or others over whom Plaintiff exercised authority and/or control.

## FOURTH DEFENSE

129. Damages, if any, alleged to have been suffered by Plaintiff were caused, in whole or in part, by the intentional, negligent, or other culpable conduct of others over whom Defendant has not exercised authority and/or control.

**FIFTH DEFENSE**

130. Plaintiff's claims are barred, in whole or in part, by principles of waiver and estoppel.

**SIXTH DEFENSE**

131. At all times Defendant acted in good faith.

**SEVENTH DEFENSE**

132. Plaintiff's claims fails because certain of Plaintiff's alleged trade secrets do not constitute trade secrets.

**EIGHTH DEFENSE**

133. Plaintiff's claims fail because certain information provided to Defendant did not constitute trade secrets and Defendant did not misappropriate those alleged trade secrets.

**NINTH DEFENSE**

134. Plaintiff's claims are barred because Defendant is permitted to prepare to compete.

**TENTH DEFENSE**

135. Plaintiff's claim of False Advertising is barred because the statement at issue is literally true.

**ELEVENTH DEFENSE**

136. Plaintiff's claim of False Advertising is barred because the statement at issue is true and is not misleading or likely to deceive customers.

**TWELFTH DEFENSE**

137. Plaintiff's claim of False Advertising is barred because the statement at issue was not made in interstate commerce.

**THIRTEENTH DEFENSE**

138. Plaintiff's claim of False Advertising is barred because the statement at issue, even if literally true, is not material.

**FOURTEENTH DEFENSE**

139. Plaintiff's claim of False Advertising is barred by the First Amendment.

**FIFTEENTH DEFENSE**

140. Plaintiff's claim of False Advertisement is barred because the statement at issue is opinion.

WHEREFORE, having fully answered, Defendant demands that the Complaint against him be dismissed with prejudice and that judgment be entered in favor of Defendant against Plaintiff.

Respectfully submitted,

*/s/ Jeffrey S. Dunlap*

Jeffrey S. Dunlap (0067923)
Sara S. Dorland (0095682)
ULMER & BERNE LLP
1660 W. 2nd St., Suite 1100
Cleveland, Ohio 44113
(216) 583-7000 (phone)
(216) 583-7001 (fax)
jdunlap@ulmer.com
sdorland@ulmer.com

*Attorneys for Defendant Austin Murray*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on January 4, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jeffrey S. Dunlap*
Jeffrey S. Dunlap (0067923)
*One of the Attorneys for Defendant Austin Murray*