**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DELOITTE TAX LLP, | ) | CASE NO. 1:20-CV-02487 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| AUSTIN MURRAY and PROPHIT.AI, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANT AUSTIN MURRAY'S AMENDED ANSWER TO PLAINTIFF DELOITTE TAX LLP'S FIRST AMENDED COMPLAINT**

**FIRST DEFENSE**

Defendant Austin Murray, hereby Answers Plaintiff Deloitte Tax LLP's First Amended Complaint ("Complaint"), as follows:

1. With respect to Paragraph 1 of the Complaint, Defendant admits only that he was formerly employed by Plaintiff and that, during the term of his employment with Plaintiff, he had access to Plaintiff's CogTax tool. Further answering, Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. With respect to Paragraph 4 of the Complaint, Defendant states that the nature of the allegations of the Complaint speak for themselves. Further answering, Defendant denies the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. With respect to Paragraph 11 of the Complaint, Defendant admits only that CogTax is a tool which can be used by Deloitte Tax practitioners in performing their internal reverse audit services to clients. Further answering, Defendant denies the remaining allegations contained in Paragraph 13.

14. With respect to Paragraph 14 of the Complaint, Defendant admits only that CogTax imports raw client data which it then uses to identify taxability determinations. Further answering, Defendant denies the remaining allegations contained in Paragraph 14.

15. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. With respect to Paragraph 21 of the Complaint, Defendant admits only that prior to his employment with Plaintiff, he was employed by Ryan LLC. Defendant denies the remaining allegations contained in Paragraph 21.

22. With respect to Paragraph 22 of the Complaint, Defendant admits only that the contents of his emails with Plaintiff prior to employment speak for themselves. Further answering, Defendant denies the remaining allegations contained in Paragraph 22.

23. With respect to Paragraph 23 of the Complaint, Defendant admits that he entered into a Management-Level Employee Agreement with Plaintiff and that the content of the Employment Agreement speaks for itself. Further answering, Defendant states that Plaintiff has failed to attached a copy of the Employment Agreement to the Complaint.

24. With respect to Paragraph 24 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 24.

25. With respect to Paragraph 25 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 25.

26. With respect to Paragraph 26 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 26.

27. With respect to Paragraph 27 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 27.

28. With respect to Paragraph 28 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. With respect to Paragraph 29 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 29.

30. With respect to Paragraph 30 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 30.

31. With respect to Paragraph 31 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 31.

32. With respect to Paragraph 32 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 32.

33. With respect to Paragraph 33 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 33.

34. With respect to Paragraph 34 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 34.

35. With respect to Paragraph 35 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 35.

36. With respect to Paragraph 36 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 36.

37. With respect to Paragraph 37 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. With respect to Paragraph 38 of the Complaint, Defendant admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph 38.

39. With respect to Paragraph 39 of the Complaint, Defendant admits only that while employed by Plaintiff he had access to non-public information concerning CogTax and that he acted as a liaison between Plaintiff's customer-facing team and its data scientists working on CogTax. Further answering, Defendant denies the remaining allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint except to state that Prophit.ai's LinkedIn profile speaks for itself.

51. With respect to Paragraph 51 of the Complaint, Defendant admits only that Prophit.ai was incorporated in August 2019. Further answering, Defendant denies the remaining allegations contained in Paragraph 51.

52. Defendant denies or denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. With respect to Paragraph 54, Defendants admits only that the Employment Agreement speaks for itself. Defendant denies the remaining allegations contained in Paragraph

54 of the Complaint.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Defendant admits the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61. With respect to Paragraph 61 of the Complaint, Defendant admits only that, at certain times prior to June 2019, Rob van Haaren worked in the solar energy field. Further answering, Defendant denies the remaining allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint. Prophit.ai was incorporated in August of 2019.

63. With respect to Paragraph 63 of the Complaint, Defendant admits only that, in September 2019, in contemplation of an engagement that would begin in January 2020, he. Mr. Scheiber, and Mr. van Haaren created a video application of the Techstars start-up accelerator and that the content of the video speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 63.

64. With respect to Paragraph 64 of the Complaint, Defendant admits only that the content of the video speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 64.

65. With respect to Paragraph 65 of the Complaint, Defendant admits only that the

contents of the video and Prophit.ai's Placement speak for themselves. Further answering, Defendant denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. With respect to Paragraph 66 of the Complaint, Defendant admits only that the content of the Prophit.ai website speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. With respect to Paragraph 70 of the Complaint, Defendant admits only that he received a letter dated February 25, 2020 from Plaintiff and that the content of the letter speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. With respect to Paragraph 73, Defendants admits only that, while traveling on or about April 5, 2019 he emailed a draft Reverse Audit Checklist from his Deloitte email account to his personal email account at the instruction of a Deloitte supervisor. Further answering, Defendant denies the remaining allegations contained in Paragraph 73.

74. With respect to Paragraph 74 of the Complaint, Defendant admits only that the Reverse Audit Checklist is a confidential document created by Plaintiff. Further answering, Defendant denies the remaining allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. With respect to Paragraph 76 of the Complaint, Defendant admits only that on or about June 13, 2019 he uploaded the Deloitte Cognitive Tax Insight Client Presentation Deck to a

cloud-based platform used by Plaintiff at the instruction of a Deloitte supervisor. Further answering, Defendant denies the remaining allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. With respect to Paragraph 78 of the Complaint, Defendant admits only that on or about June 13, 2019, he uploaded the Deloitte Tax Indirect Tax Analysis Workpaper to a cloud-based platform used by Plaintiff as part of Deloitte's East Coast CogTax Technical Training. Further answering, Defendant denies the remaining allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. With respect to Paragraph 81 of the Complaint, Defendant admits only that Prophit.ai secured a grant from the Innovation Fund in or about December 2019. Further answering, Defendant denies the remaining allegations contained in Paragraph 81.

82. With respect to Paragraph 82 of the Complaint, Defendant admits only that he attended a meeting with Jumpstart on May 14, 20219. Further answering, Defendant denies he was "on the clock" for Deloitte.

83. With respect to Paragraph 83, Defendant admits only that Prophit.ai pitched at a Youngstown Business Incubator in or about September 2020 and received an invitation to the Acceleprise incubator program. Further answering, Defendant denies the remaining allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant admits the allegations contained in Paragraph 85.

86. With respect to Paragraph 86, Defendant admits only that the content of the F6S

website speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 86.

87. With respect to Paragraph 87, Defendants admits only that in or about October 2019 he entered into a non-disclosure agreement a manufacturing company. The only parties to his non-disclosure agreement were Defendant and the manufacturer. Further answering, Defendant denies the remaining allegations contained in Paragraph 87.

88. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

**CLAIM 1**

95. Defendant incorporates his responses to Paragraphs 1-94 of the First Amended Complaint as if restated herein.

96. With respect to Paragraph 96 of the Complaint, Defendant admits only that the content of the Employment Agreement speaks for itself. Further answering, Defendants denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97. With respect to Paragraph 97 of the Complaint, Defendant admits that the Employment Agreement speaks for itself.

98. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. With respect to Paragraph 101 of the Complaint, Defendant refers to "Paragraph 8 of the ,". No document is referenced. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

**CLAIM 2**

104. Defendant incorporates his responses to Paragraphs 1-103 of the Complaint as ifrestated herein.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

**CLAIM 3**

112. Defendant incorporates his responses to Paragraphs 1-111 of the Complaint as if restated herein.

113. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116. Defendant admits the allegations contained in Paragraph 116 of the Complaint with respect to himself. Defendant denies for lack of know knowledge or information sufficient to form a belief as to what Prophit.ai knew.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

**CLAIM 4**

123. Defendant incorporates his responses to Paragraphs 1-122 of the Complaint as if restated herein.

124. With respect to Paragraph 124 of the Complaint, Defendant admits only that he has some control over marketing messages on behalf of Prophit.ai. Further answering, Defendant denies the remaining allegations contained in Paragraph 124 of the Complaint.

125. With respect to Paragraph 125 of the Complaint, Defendant admits only that Prophit.ai uses a variety of methods to promote products and services to its customers. Further

answering, Defendant denies the remaining allegations contained n Paragraph 125.

126. Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127. With respect to Paragraph 127 of the Complaint, Defendant admits only that he made the quoted statement contained in Paragraph 127. Further answering, Defendant denies the remaining allegations contained in Paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130. Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132. Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134. With respect to Paragraph 134, Defendant states only that the content of Prophit.ai's LinkedIn profile speaks for itself. Further answering, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138. Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139. Defendant denies the allegations contained in Paragraph 139 of the Complaint.

**CLAIM 5**

140. Defendant incorporates his responses to Paragraphs 1-139 of the Complaint as if restated herein.

141. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint.

144. Defendant admits the allegations contained in Paragraph 144 of the Complaint with respect to himself. Defendant denies for lack of know knowledge or information sufficient to form a belief as to what Prophit.ai knew.

145. Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint.

149. Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150. Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151. Defendant denies the allegations contained in Paragraph 151 of the Complaint.

**CLAIM 6**

152. Defendant incorporates his responses to Paragraphs 1-151 of the Complaint as if restated herein.

153. Defendant denies the allegations contained in Paragraph 153 of the Complaint with respect to the Murray Employment Agreement. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint regarding the Scheiber Agreement.

154. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154, except with respect to

the Murray Employment Agreement, which speaks for itself.

155. Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156. Defendant denies the allegations contained in Paragraph 156 of the Complaint.

**CLAIM 7**

157. Defendant incorporates his responses to Paragraphs 1-156 of the Complaint as if restated herein.

158. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159.

160. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160.

161. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161.

162. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162.

163. Defendant denies each and every allegation not expressly admitted herein.

**SECOND DEFENSE**

164. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief from Defendant.

**THIRD DEFENSE**

165. Damages, if any, alleged to have been suffered by Plaintiff were caused, in whole or in part, by the intentional, negligent, or other culpable conduct of Plaintiff or others over whom

Plaintiff exercised authority and/or control.

**FOURTH DEFENSE**

166. Damages, if any, alleged to have been suffered by Plaintiff were caused, in whole or in part, by the intentional, negligent, or other culpable conduct of others over whom Defendant has not exercised authority and/or control.

**FIFTH DEFENSE**

167. Plaintiff's claims are barred, in whole or in part, by principles of waiver and estoppel.

**SIXTH DEFENSE**

168. At all times Defendant acted in good faith.

**SEVENTH DEFENSE**

169. Plaintiff's claims fails because certain of Plaintiff's alleged trade secrets do not constitute trade secrets.

**EIGHTH DEFENSE**

170. Plaintiff's claims fail because certain information provided to Defendant did not constitute trade secrets and Defendant did not misappropriate those alleged trade secrets.

**NINTH DEFENSE**

171. Plaintiff's claims are barred because Defendant is permitted to prepare to compete.

**TENTH DEFENSE**

172. Plaintiff's claim of False Advertising is barred because the statement at issue is literally true.

**ELEVENTH DEFENSE**

173. Plaintiff's claim of False Advertising is barred because the statement at issue is true and is not misleading or likely to deceive customers.

**TWELFTH DEFENSE**

174. Plaintiff's claim of False Advertising is barred because the statement at issue was not made in interstate commerce.

**THIRTEENTH DEFENSE**

175. Plaintiff's claim of False Advertising is barred because the statement at issue, even if literally true, is not material.

**FOURTEENTH DEFENSE**

176. Plaintiff's claim of False Advertising is barred by the First Amendment.

**FIFTEENTH DEFENSE**

177. Plaintiff's claim of False Advertisement is barred because the statement at issue is opinion.

**SIXTEENTH DEFENSE**

178. Defendant asserts that he performed all duties owed under the contract other than any duties which were prevented or excused, and therefore never breached the agreement.

**SEVENTEENTH DEFENSE**

179. Plaintiff's claim of Breach of Contract fails because Defendant was fraudulently induced to enter into the Murray Employment Agreement. Defendant asserts that Plaintiff obtained the defendant's consent to the Murray Employment Agreement through fraud, deceit, or misrepresentation by Plaintiff, and that as a result the contract is invalid.

**EIGHTEENTH DEFENSE**

180. Equitable Estoppel: Defendant asserts that Plaintiff specifically represented to the defendant that the scope of Defendant's employment would primarily involve the creation of a machine-learning sales and use tax software. The defendant reasonably relied upon this representation to his detriment and now asks the court to decide this case as if this representation

were true.

**NINETEENTH DEFENSE**

181. Plaintiff's claim of Breach of Contract fails because the Murray Employment Agreement is unconscionable.

**TWENTIETH DEFENSE**

182. Plaintiff's claim of Breach of Contract fails because the Murray Employment Agreement is unenforceable due to mutual material mistakes of the parties.

**TWENTY-FIRST DEFENSE**

183. Defendant asserts that Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and award of the judgment sought by Plaintiff would unjustly enrich Plaintiff.

**TWENTY-SECOND DEFENSE**

184. Defendant asserts that he substantially complied with the Murray Employment Agreement, leaving only a small part of the contract undone, and that as a result awarding the judgment sought by Plaintiff would be unjust and unfair.

**TWENTY-THIRD DEFENSE**

185. Defendant asserts that even if Plaintiff's other allegations are true, Plaintiff did not suffer any damages (economic loss).

**JURY TRIAL DEMANDED**

Defendant demands a trial by jury on all triable issues of fact.

WHEREFORE, having fully answered, Defendant demands that the Complaint against him be dismissed with prejudice and that judgment be entered in favor of Defendant against Plaintiff.

Respectfully Submitted,

s/Austin Murray
Austin Murray, pro se
3002 Meadowbrook Blvd.
Cleveland Heights, Ohio 44118
(419) 512-2990
murraya00@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on January 17, 2021.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

By: s/Austin Murray
Austin Murray, pro se
3002 Meadowbrook Blvd.
Cleveland Heights, Ohio 44118
(419) 512-2990
murraya00@gmail.com