**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DELOITTE TAX LLP,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN MURRAY and<br>PROPHIT.AI, INC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:20-CV-02487<br><br><br>JUDGE SARA LIOI |

**DEFENDANT PROPHIT.AI'S AMENDED ANSWER TO PLAINTIFF DELOITTE TAX LLP'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

**FIRST DEFENSE**

Defendant Prophit.ai, Inc. ("Defendant"), hereby Answers Plaintiff Deloitte Tax LLP's First Amended Complaint, as follows:

1. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. With respect to Paragraph 4 of the Complaint, Defendant states that the nature of the allegations of the Complaint speak for themselves. Further answering, Defendant denies the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a legal statement and/or conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that Deloiite Tax provides various tax services to its clients, including reverse audits. Further answering, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that prior to being employed by Deloitte Tax, Mr. Murray worked for a competitor of Deloitte Tax. Further answering, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies for lack of knowledge or information sufficient to forma belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. With respect to Paragraph 57, Defendant admits only that the FS6.com networking website speaks for itself. Further answering, Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59. Defendant admits the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61. With respect to Paragraph 61 of the Complaint, Defendant admits only that, at certain times prior to June 2019, Rob van Haaren worked in the solar energy field. Further answering, Defendant denies the remaining allegations contained in Paragraph 61.

62. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. With respect to Paragraph 63 of the Complaint, Defendant admits only that, in September 2019, in contemplation of an engagement that would begin in January 2020, Mr. Murray, Mr. Scheiber, and Mr. van Haaren, employees at that time of Deloitte, created a video application of the Techstars start-up accelerator and that the content of the video speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 63.

64. With respect to Paragraph 64 of the Complaint, Defendant admits only that the content of the video speaks for itself. Further answering, Defendant denies the remaining

allegations contained in Paragraph 64.

65. With respect to Paragraph 65 of the Complaint, Defendant admits only that the contents of the video and Prophit.ai's Placemat speak for themselves. Further answering, Defendant denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. With respect to Paragraph 66 of the Complaint, Defendant admits only that the content of the Prophit.ai website speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 66.

67. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies for lack of knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. With respect to Paragraph 81 of the Complaint, Defendant admits only that Prophit.ai secured a grant from the Innovation Fund in or about December 2019. Further answering, Defendant denies the remaining allegations contained in Paragraph 81.

82. With respect to Paragraph 82 of the Complaint, Defendant admits only that Mr. Murray attended a meeting with Jumpstart on May 14, 2019. Further answering, Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. With respect to Paragraph 83, Defendant admits only that Prophit.ai pitched at a Youngstown Business Incubator event in or about September 2020 and received an invitation to the Acceleprise incubator program. Further answering, Defendant denies the remaining allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant admits the allegations contained in Paragraph 85.

86. With respect to Paragraph 86, Defendant admits only that the content of the F6S website speaks for itself. Further answering, Defendant denies the remaining allegations contained in Paragraph 86.

87. Defendant admits the allegations contained in Paragraph 87.

88. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

**CLAIM 1**

95. Defendant incorporates its responses to Paragraphs 1-94 of the Complaint as if restated herein.

96. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies for lack of knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

**CLAIM 2**

104. Defendant incorporates its responses to Paragraphs 1-103 of the Complaint as ifrestated herein.

105. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

**CLAIM 3**

112. Defendant incorporates its responses to Paragraphs 1-111 of the Complaint as if restated herein.

113. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116. Defendant admits the allegations contained in Paragraph 116 of the Complaint with respect to itself. Defendant denies for lack of know knowledge or information sufficient to form a belief as to what Mr. Murray knew.

117. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies the allegations contained in Paragraph 122 of the Complaint.

**CLAIM 4**

123. Defendant incorporates its responses to Paragraphs 1-122 of the Complaint as if restated herein.

124. With respect to Paragraph 124 of the Complaint, Defendant admits only that, as CEO, Mr. Murray has some control over marketing messages on behalf of Prophit.ai. Further answering, Defendant denies the remaining allegations contained in Paragraph 124 of the Complaint.

125. With respect to Paragraph 125 of the Complaint, Defendant admits only that Prophit.ai uses a variety of methods to promote products and services to its customers.

126. Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127. With respect to Paragraph 127 of the Complaint, Defendant admits only that Mr. Murray made the quoted statement contained in Paragraph 127. Further answering, Defendant denies the remaining allegations contained in Paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129. Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132. Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134. With respect to Paragraph 134, Defendant states only that the content of Prophit.ai's LinkedIn profile speaks for itself.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138. Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139. Defendant denies the allegations contained in Paragraph 139 of the Complaint.

**CLAIM 5**

140. Defendant incorporates its responses to Paragraphs 1-140 of the Complaint as if restated herein.

141. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint.

144. Defendant admits the allegations contained in Paragraph 144 of the Complaint with respect to itself. Defendant denies for lack of know knowledge or information sufficient to form a belief as to what Mr. Murray knew.

145. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146. Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint.

149. Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint.

150. Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151. Defendant denies the allegations contained in Paragraph 151 of the Complaint.

**CLAIM 6**

152. Defendant incorporates its responses to Paragraphs 1-151 of the Complaint as if restated herein.

153. Defendant denies for lack of knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 153 of the Complaint

154. Defendant denies the allegations contained in Paragraph 154 of the Complaint with respect to itself. Defendant denies for lack of know knowledge or information sufficient to form a belief as to what Mr. Murray knew.

155. Defendant denies the allegations contained in Paragraph 155 of the Complaint with respect to itself. Defendant denies for lack of know knowledge or information sufficient to form a belief as to what Mr. Murray did.

156. Defendant denies the allegations contained in Paragraph 156 of the Complaint.

**CLAIM 7**

157. Defendant incorporates its responses to Paragraphs 1-156 of the Complaint as if restated herein.

158. Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159. Defendant denies the allegations contained in Paragraph 159 of the Complaint.

160. Defendant denies the allegations contained in Paragraph 160 of the Complaint..

161. Defendant denies the allegations contained in Paragraph 161 of the Complaint..

162. Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163. Defendant denies each and every allegation not expressly admitted herein.

**SECOND DEFENSE**

164. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief from Defendant.

**THIRD DEFENSE**

165. Damages, if any, alleged to have been suffered by Plaintiff were caused, in whole or in part, by the intentional, negligent, or other culpable conduct of Plaintiff or others over whom

Plaintiff exercised authority and/or control.

**FOURTH DEFENSE**

166. Damages, if any, alleged to have been suffered by Plaintiff were caused, in whole or in part, by the intentional, negligent, or other culpable conduct of others over whom Defendant has not exercised authority and/or control.

**FIFTH DEFENSE**

167. Plaintiff's claims are barred, in whole or in part, by principles of waiver and estoppel.

**SIXTH DEFENSE**

168. At all times Defendant acted in good faith.

**SEVENTH DEFENSE**

169. Plaintiff's claims fails because certain of Plaintiff's alleged trade secrets do not constitute trade secrets.

**EIGHTH DEFENSE**

170. Plaintiff's claims fail because certain information provided to Defendant did not constitute trade secrets and Defendant did not misappropriate those alleged trade secrets.

**TENTH DEFENSE**

171. Plaintiff's claim of False Advertising is barred because the statement at issue is literally true.

**ELEVENTH DEFENSE**

172. Plaintiff's claim of False Advertising is barred because the statement at issue is true and is not misleading or likely to deceive customers.

**TWELFTH DEFENSE**

173. Plaintiff's claim of False Advertising is barred because the statement at issue was

not made in interstate commerce.

**THIRTEENTH DEFENSE**

174. Plaintiff's claim of False Advertising is barred because the statement at issue, even if literally true, is not material.

**FOURTEENTH DEFENSE**

175. Plaintiff's claim of False Advertising is barred by the First Amendment.

**FIFTEENTH DEFENSE**

176. Plaintiff's claim of False Advertisement is barred because the statement at issue is opinion.

**FIFTEENTH DEFENSE**

177. Defendant asserts that the Plaintiff has committed a wrongdoing, and this lawsuit is attempting to benefit from this wrongdoing.

**COUNTERCLAIM (JURY DEMAND ENDORSED HEREON) FOR 1) TORTIOUS INTERFERENCE IN A CONTRACT, 2) TORTIOUS INTERFERENCE IN A BUSINESS RELATIONSHIP, 3) TORTIOUS INTERFERENCE IN A CONTRACT, AND 4) TORTIOUS INTERFERENCE IN A BUSINESS RELATIONSHIP**

Pursuant to Federal Rules of Civil Procedure Rule 13, Defendant Prophit.ai, Inc. ("Prophit.ai" or "Defendant"), through its undersigned attorney, hereby asserts the following COUNTERCLAIM against Plaintiff Deloitte Tax LLP ("Deloitte Tax" or "Plaintiff") as follows:

178. Prophit.ai counterclaims for damages arising out of the transaction or occurrence that is the subject matter of Deloitte Tax's claims; specifically, Deloitte Tax made numerous material misrepresentations directly to investors under contract with Prophit.ai, inducing the investors to breach their investment contracts and causing Prophit.ai to suffer millions of dollars in

damages.

179. Prophit.ai is a "start-up" C-corporation registered in Delaware in August of 2019 that sells indirect tax compliance software to corporate taxpayers.

180. Rob van Haaren, Chief Technology Officer at Prophit.ai, engineers the software used at Prophit.ai. Prophit.ai does not use any software engineered by Deloitte Tax.

181. In May of 2020, Prophit.ai began pitching potential venture capital investors, seeking to sell a portion of the company in exchange for capital the company could use to grow.

**JURISDICTION**

182. Subject matter jurisdiction is proper because Deloitte Tax has already submitted to the jurisdiction of this Court by the initiation of this claim.

183. The Court has supplemental jurisdiction over Prophit.ai's claims against Deloitte Tax pursuant to 28 U.S.C. § 1367(a) because this claim is so related to Deloitte Tax's claims that it forms the same case or controversy and derives from a common nucleus of operative facts.

184. Personal jurisdiction over Deloitte Tax is proper because Deloitte Tax has already submitted to the jurisdiction of this Court by the initiation of this claim.

185. Venue is proper in this District under 28 U.S.C. §§ 1391 because Deloitte Tax has already submitted to the venue of this Court by the initiation of this claim.

**CLAIM 1 – TORTIOUS INTERFERENCE WITH A CONTRACT**

186. One venture capital firm, Impression Ventures of Toronto, Canada, expressed interest in investing in Prophit.ai.

187. On June 22, 2020, Prophit.ai and Impression Ventures executed a contract, ("PROPHIT.AI SERIES SEED TERM SHEET"), dictating the terms of an investment in Prophit.ai by Impression Ventures. Specifically, Prophit.ai would sell 20.58% of its outstanding common stock to Impression Ventures in exchange for $1,400,000.00.

188. Deloitte Tax is a New York City based public accounting firm that performs tax services for individuals and businesses.

189. On September 2, 2020, Deloitte Partner Rob Galaski and Impression Ventures had the first of many conversations between Deloitte and Impression Ventures regarding the investment in Prophit.ai.

190. Upon information and belief, Deloitte Tax made material representations to Impression Ventures in these conversations and subsequent communications. Specifically, Deloitte Tax misrepresented that they were the true owner of the software used by Prophit.ai – software engineered solely by Rob van Haaren.

191. Relying on these material misrepresentations by Deloitte Tax, Impression Ventures breached the PROPHIT.AI SERIES SEED TERM SHEET and abandoned the investment in Prophit.ai.

192. Deloitte Tax's material misrepresentations induced Impression Ventures to breach a valid investment contract, thereby damaging Prophit.ai at least $1,400,000.00.

**CLAIM TWO – TORTIOUS INTERFERENCE IN A BUSINESS RELATIONSHIP**

193. The investment agreement between Prophit.ai and Impression Ventures was a single component of a much broader business relationship between Prophit.ai and Impression Ventures. Impressions Ventures also agreed, pursuant to the terms of the investment, to aid in a much larger fundraising round with numerous other participating investors.

194. Specifically, the business relationship with Impression Ventures would include numerous other valuable benefits to Prophit.ai including but not limited to a talented and experienced business executive sitting on the Prophit.ai corporate board, monthly calls with Impression Ventures's team of experienced staff equipped to provide Prophit.ai with the support and direction essential to the success of a fledgling startup, access to Impression Ventures's vast

international network of potential customers in need of Prophit.ai's software, and access to Impression Ventures's vast network of investors, to further aid in Prophit.ai's raising of capital.

195. Importantly, under the business arrangement and investment agreement between Prophit.ai and Impression Ventures, those additional participating investors, agreed upon by both Prophit.ai and Impression Ventures, would contribute an additional $600,000.00 in investment capital in exchange for equity in Prophit.ai..

196. Prophit.ai engaged counsel and spent tens of thousands of dollars in furtherance of this business relationship with Impression Ventures.

197. Upon information and belief, because of Deloitte Partner Rob Galaski's September 2, 2020 call with Impression Ventures and subsequent communications between Deloitte Tax personnel and Impression ventures in which Deloitte Tax made material misrepresentations about the ownership of Prophit.ai's software platform, the nature of Defendant Austin Murray's employment with Deloitte Tax, and the like, Deloitte Tax intentionally interfered with the business relationship between Prophit.ai and Impression Ventures.

198. Deloitte Tax's wrongful interference in the business relationship between Prophit.ai and Impression Ventures directly and proximately caused Impression Ventures to abandon that relationship.

199. Due to Deloitte Tax's wrongful interferences in Prophit.ai and Impression Ventures's business relationship, Deloitte Tax damaged Prophit.ai at least $2,000,000.00 in investment capital, tens of thousands of dollars in expenses accrued in furtherance of that business relationship, an experienced board member, and access to numerous other resources detailed above.

**CLAIM THREE – TORTIOUS INTERFERENCE WITH A CONTRACT**

200. After the departure of Impression Ventures, Prophit.ai sought alternative investment from Point72 Ventures. Point72 Ventures is a California-based venture capital firm.

201. On October 9, 2020, Prophit.ai and Point72 Ventures executed a contract, ("Term Sheet for Series Seed Investment in Prophit.ai, Inc,"), dictating the terms of an investment in Prophit.ai by Point72 Ventures. Specifically, Prophit.ai would sell shares of its outstanding common stock to Point72 Ventures in exchange for $1,500,000.00.

202. Upon information and belief, at least 9 Deloitte Tax partners, senior managers, and managers had knowledge of this investment as of November 1, 2020. Deloitte Tax again made material misrepresentations regarding the ownership of Prophit.ai's software. Deloitte Tax's misrepresentations induced Point72 Ventures to breach the agreement with Prophit.ai and abandon the investment in Prophit.ai.

203. Deloitte Tax's material misrepresentations induced Point72 Ventures to breach a valid investment contract, thereby damaging Prophit.ai at least $1,500,000.00.

**CLAIM FOUR – TORTIOUS INTERFERENCE IN A BUSINESS RELATIONSHIP**

204. The investment agreement between Prophit.ai and Point72 Ventures was a single component of a much broader business relationship between Prophit.ai and Point 72 Ventures. Point 72 Ventures also agreed, pursuant to the terms of the investment, to aid in a much larger fundraising round with numerous other participating investors.

205. Specifically, the business relationship with Point72 Ventures would include numerous other valuable benefits to Prophit.ai including but not limited to on-demand access to Point72 Ventures's team of experienced staff equipped to provide Prophit.ai with the support and direction essential to the success of a fledgling startup, access to Point72 Ventures's vast network of potential customers in need of Prophit.ai's software, and access to Point72 Ventures's vast network of investors, to further aid in Prophit.ai's raising of capital.

206. Importantly, under the business arrangement and investment agreement between Prophit.ai and Point72 Ventures, those additional participating investors, agreed upon by both

Prophit.ai and Point72 Ventures, would contribute an additional $1,000,000.00 in investment capital in exchange for equity in Prophit.ai..

207. Prophit.ai engaged counsel and spent tens of thousands of dollars in furtherance of this business relationship with Point72 Ventures.

208. Upon information and belief, because of the misrepresentations of Deloitte Tax's employees' with knowledge of the business relationship between Prophit.ai and Point72 Ventures, and Deloitte Tax's intentional and groundless initiation of this action, Deloitte Tax intentionally interfered with the business relationship between Prophit.ai and Point72 Ventures.

209. Deloitte Tax's wrongful interference in the business relationship between Prophit.ai and Point72 Ventures directly and proximately caused Point72 Ventures to abandon that relationship.

210. Due to Deloitte Tax's wrongful interferences in Prophit.ai and Point72 Ventures business relationship, Deloitte Tax damaged Prophit.ai at least $2,500,000.00 in investment capital, tens of thousands of dollars in expenses accrued in furtherance of that business relationship, and access to numerous other resources detailed above.

**PRAYER FOR RELIEF**

Defendant prays that this Court enter judgment against Defendant as follows:

A. That Defendant be awarded damages sufficient to compensate it for the damage caused by Plaintiff's tortious interference in its investment contracts.

B. The Plaintiff be granted punitive damages for Defendants' malicious acts;

C. That Plaintiff be granted pre-judgment and post-judgment interest;

D. That Plaintiff be granted costs associated with the prosecution of this action; and

E. That Plaintiff be granted such further relief as the Court may deem just.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all triable issues of fact.

Respectfully Submitted,

By: s/Austin Murray
Austin Murray (0091929)
3002 Meadowbrook Blvd.
Cleveland Heights, Ohio 44118
(419) 512-2990
murraya00@gmail.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on February 1, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: s/Austin Murray
Austin Murray (0091929)
3002 Meadowbrook Blvd.
Cleveland Heights, Ohio 44118
(419) 512-2990
murraya00@gmail.com
*Attorney for Defendant*